No. 22-12798

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**UNITED STATES OF AMERICA,**
　　　　　　　　　　*Plaintiff-Appellee,*

v.

**ANDREW BUTLER, III,**
　　　　　　　　　　*Defendant-Appellant.*

―――――――

A Direct Appeal of a Criminal Case From the United States District Court for the Northern District of Florida, Panama City Division
Case No. 5:21cr10-RH

―――――――

## APPELLANT'S OPENING BRIEF

―――――――

Mutaqee Akbar, Esq.
Florida Bar No. 819581
619 North Copeland Street
Tallahassee, Florida 32304
Telephone: (850) 383-0000
Attorney for Appellant
Andrew Butler, III

No. 22-12798

United States v. Andrew Butler, III

<u>CERTIFICATE OF INTERESTED PERSONS</u>

The following are persons with an interest in the outcome of this case:

Butler, Andrew, III: Appellant

Hinkle, Robert: U.S. District Judge

Coody, Jason: U.S. Attorney

Greenberg, Richard: Prior Standby Counsel

Narramore, Walter: Assistant U.S. Attorney

Fitzpatrick, Martin: Magistrate Judge

# STATEMENT REGARDING ORAL ARGUMENT

Appellant Butler leaves to the Court's discretion whether oral argument would be beneficial in this case.

# TABLE OF CONTENTS AND CITATIONS

                                                                                                                            Page

Certificate of Interested Persons and Corporate Disclosure Statement……….C-1

Statement Regarding Oral Argument……………………………………………….i

Table of Contents………………………………………………………………………..ii

Table of Citations………………………………………………………………………..iv

Jurisdictional Statement.......................................................................................1

Statement of the Issues. ......................................................................................2

Statement of the Case. ........................................................................................3

      (i)       Nature of the Case and Statement of Incarceration ............................3

      (ii)      Course of Proceedings and Dispositions in the Court Below .............3

      (iii)     Statement of the Facts..........................................................................4

      *A.*      *The offense and plea* ..........................................................................4

      *B.*      *Sentencing* ...........................................................................................6

      *C.*      *Pro Se Representation*………………………………………………7

      (iv)     Standard of Review...............................................................................7

Summary of the Argument................................................................................... 8

Argument and Citations of Authority. ..................................................................9

Whether the district court erred in revoking Mr. Butler's right to self-representation ……………………………………………………..……………………… 10

Whether the evidence was sufficient for a reasonable trier of fact to find Mr. Butler guilty beyond a reasonable doubt.…………………………………………………10

Conclusion. ........................................................................................ 12

Certificate of Service. ........................................................................................ 14

## Table of Citations

**Cases**                                                                                                          **Page**

Faretta v. California, 422 US 806, 812 (1975)……………………………………

United States v. Hausa, 922 F. 3d 129, 134 (2d Cir. 2019)……………………

United States v. Miller, 693 F. 2d 1051, 1053 (11th Cir. 1982)…………………

**Statutes**

18 U.S.C. § 922(g)(1)…………………………………………………………..

18 USC § 924(a)(2)…………………………………………………………..

21 USC § 841 (a)(1)………………………………………………………….

21 USC 841 (b)(1)(B)(viii)……………………………………………………

28 U.S.C. § 1291……………………………………………………………..

**Guidelines**

USSG § 1B1.11……………………………………………………………….

# Jurisdictional statement

This appeal is from a final judgment or order that disposes of all parties' claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, which provides that the court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States except where a direct review may be taken to the Supreme Court.

## Statement of the Issues

1. Whether the district court erred in revoking Mr. Butler's right to self-representation

2. Whether the evidence was sufficient for a reasonable trier of fact to find Mr. Butler guilty beyond a reasonable doubt

# Statement of the Case

(i) <u>Nature of the Case and Statement of Incarceration</u>

This is the direct appeal of a felony trial, judgment, and sentence of imprisonment. Appellant is presently incarcerated.

(ii) <u>Course of Proceedings and Dispositions in the Court Below</u>

A federal grand jury charged Appellant with knowingly and intentionally possessing with intent to distribute controlled substances that involved 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 USC § 841 (a)(1) and 841 (b)(1)(B)(viii); Appellant knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). R1. Appellant filed a motion to suppress to contest the stop and search of his vehicle and hotel room. The motion to suppress was denied by the court. After a jury trial before Judge Robert Hinkle, appellant was found guilty of Count I as charged in the indictment and not guilty on Count 2. R171. The district court sentenced Appellant to 84 months' imprisonment followed by supervised release for a term of 5 years and imposed a $100 special monetary assessment.

R185.

    (iii)    <u>Statement of the Facts</u>

    A.    *The offense*[1]

On August 18, 2020, officers conducted a traffic stop on the vehicle driven by Mr. Butler after a query of the license plate showed the vehicle was reported stolen to the Panama City, Florida, Police Department. Kelly Swaby was the sole passenger in the vehicle. According to the officers, Mr. Butler and Ms. Swaby were immediately detained and mirandized. During a search of Mr. Butler's person, a set of small keys were in his pants pockets. There is a dispute as to whether officers were then given consent to search the vehicle. During the search of the vehicle, officers located a black backpack in the back seat, which contained a metal can with a crystal substance, confirmed to be methamphetamine. Officers also located a large glass bowl and a digital scale, both containing methamphetamine residue in the backpack. A quantity of marijuana was also found in the vehicle. During the investigation, Mr. Butler informed officers he was traveling from the Youngstown Motel located in Youngstown, Florida.

During the search of the vehicle, officers also located a key labeled "3" in Ms. Swaby's purse. Officers allege, but Ms. Swaby disputes, that she informed the

---

[1] See PSR (R178 (¶¶ 8-14)) (Appellant agreed to the accuracy of some facts at sentencing. Appellant will indicate the facts that are disputed.)

officers that she had been staying at the Youngstown Motel, unit 3, and that Mr. Butler had been selling methamphetamine out of the unit. Ms. Swaby also disputes that she told the officers there was a safe inside of the room where he had several ounces of methamphetamine.

The same day, officers conducted an open-air sniff with a K-9 on room 3 of the Youngstown Motel. Officers stated that the K-9 gave a positive response for possible narcotics. Officers then sought a search warrant from the duty judge, which was signed by the duty judge. During the execution of the search warrant, officers located a Sentry safe beside the bed on a nightstand. The officers entered the safe using the key that was alleged to have been recovered from Mr. Butler. The safe contained multiple bags of crystal substance, confirmed to be over 40 grams of methamphetamine, a .380-caliber handgun magazine with .380 caliber ammunition. Officers also located a camouflage bag which contained multiple jeweler sized bags, cocaine, and other paraphernalia. Officers also located a Lorcin .380 semiautomatic firearm, serial #500791 in a shoulder holster inside of a red suitcase on the floor of the room, which also contained male clothing. Officers determined the .380 magazine found in the safe went with the .380 found in the suitcase. A 9 mm SCCY Model: CPX-2, serial # 669187 was found under the hotel bed mattress. The .380 was determined to have traveled in and affected interstate foreign commerce.

The seized methamphetamine was determined to weigh 45.087 net grams and

was 81% pure methamphetamine. The marijuana and cocaine were not submitted to be tested.

   B.   *Sentencing*

Probation Officer Laura Laird applied the November 1, 2021 guidelines manual, referring to USSG § 1B1.11. Using the 45.087 net gram of "ice" amount, the base offense level was calculated to be 28. PSR ¶ 20. A two-level increase was added due to the handguns, magazines, and ammunition being found in the room. PSR ¶ 21. The total offense level was determined to be 30. PSR ¶ 28. With 0 criminal history points, the guideline range, calculated under criminal history category I, was 97 months to 121 months. PSR ¶ 84.

Appellant objected to the two-level increase for possession of a firearm. R177. The grounds for the objection was that the firearm was not determined to be possessed by Mr. Butler or possessed in furtherance of the drug possession. R177. The Court held that the two level increase was appropriate finding that "the guidelines indicate that when the gun and drugs are at the same location, then the enhancement applies unless it's clearly improbable that there was a connection." The court held that it was not clearly improbable in this case. Citing various reasons, the court sentenced Appellant to 84 months in the Bureau of Prisons followed by 5 years of supervised release.

C. *Pro Se Representation*

A Faretta Hearing was conducted on December 3, 2021. R83. After the hearing, Mr. Butler was allowed to proceed pro se and Attorney Richard Greenberg was appointed as stand-by counsel. R84. Counsel for this appeal was then appointed as stand-by counsel on March 10, 2022. R132. The court subsequently revoked Mr. Butler's right to represent himself on April 21, 2022, five days before trial, and appointed undersigned counsel to represent Mr. Butler moving forward. R156. As grounds for the revocation, the Court stated that Mr. Butler had been consistently disruptive and combative during proceedings. R182

Standard of Review

1. The standard of review regarding the constitutionality of a defendant's waiver of counsel is de novo, and supporting factual findings is reviewed for clear error. United States v. Hausa, 922 F. 3d 129, 134 (2d Cir. 2019).

2. The standard of review for sufficiency of evidence is whether "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Miller, 693 F. 2d 1051, 1053 (11th Cir. 1982).

## Summary of the Argument

1. The District Court erred in revoking Mr. Butler's right to self-representation. Although Mr. Butler displayed some behaviors that were unprofessional at times, Mr. Butler displayed appropriate behavior during an essential hearing, his Motion to Suppress. The right to self-representation is an essential right established that should not have been revoked in this case.

2. There was insufficient evidence to find Mr. Butler guilty of possession of methamphetamine with intent to distribute because mere proximity is insufficient to establish possession. The evidence showed mere proximity to the drugs found during the investigation.

**Argument**

1. The District Court erred in revoking Mr. Butler's right to self-representation.

The standard of review regarding the constitutionality of a defendant's waiver of counsel is de novo, and supporting factual findings is reviewed for clear error. United States v. Hausa, 922 F. 3d 129, 134 (2d Cir. 2019). The right of self-representation is codified in 28 U.S.C. s. 1654 and "has been protected by statute since the beginnings of our Nation." See Faretta v. California, 422 US 806, 812 (1975). The accused has a personal right to make his own defense. Id. at 819. Faretta further points out that "to thrust counsel upon the accused, against his considered wish, thus violates the logic of the [Sixth] Amendment…Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." Id. at 820. A trial judge, however, may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. Id. at n. 46.

The District Court revoked Mr. Butler's right to self-representation five days prior to the commencement of his trial and appointed stand-by counsel as the trial counsel. The trial stated in part that "Mr. Butler continuously interrupted, obstructed, and delayed court proceedings…[W]hile representing himself, Mr. Butler made

maintaining orderly, efficient, and fair proceedings nearly impossible." The more extreme behavior outlined by the court took place prior to Mr. Butler's self-representation. During Mr. Butler's suppression hearing, he expressed to the court that he was very nervous and anxious about the process. Mr. Butler's nervousness and anxiousness caused him to not immediately follow the court's rules. Even with some interruptions, the court was able to proceed through the suppression hearing with several witnesses to testify for both the government and Mr. Butler. Mr. Butler's self-representation during an essential hearing (motion to suppress hearing) shows that he could conduct himself appropriately and not obstruct the proceedings. Although we concede that some of Mr. Butler's behavior was inappropriate, his behavior did not rise to the level of serious and obstructionist misconduct. Therefore, it was clear error to revoke Mr. Butler's right to self-representation.

    2. The evidence was insufficient to find Mr. Butler guilty of possession of amphetamine with the intent to distribute.

The standard of review for sufficiency of evidence is whether "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Miller, 693 F. 2d 1051, 1053 (11th Cir. 1982). This circuit has consistently held that "mere presence at the scene of arrest is insufficient to sustain a conviction...for the underlying offense of possession of contraband." Id.

at 1053 (11th Cir. 1982). All evidence regarding possession must be viewed in the light most favorable to the government and the court must draw all credibility choices in favor of the finder of fact. Id.

In this case, Mr. Butler's vehicle was stopped by narcotics officers because the vehicle was reported stolen out of Panama City, FL. R.209, P23. While detained, the officers located a small key in Mr. Butler's pocket that was determined to be a key to the safe. R.209, P27. There was no other testimony as to how Mr. Butler gained possession of that key. During the search of the vehicle, officers located the passenger's purse. R.209, P30. Inside of the purse officers located a hotel key to Room # 3 of the Youngstown Motel, a scale, drug paraphernalia, money, and Mr. Butler's expired ID. R.209, P30-31. Officers also located a book bag in the backseat of the vehicle. R.209, P31. Inside of the bookbag, officers located a bowl with drug residue and other items identified as drug paraphernalia. Id. There was no testimony as to who the bag or its contents belonged to. The hotel operator provided officers with handwritten documents regarding Room #3 that included an expired ID of Mr. Butler and a credit card number of Ms. Swaby. After searching the room, officers entered a safe in the room using the key found in Mr. Butler's pocket. There was methamphetamine discovered in the safe along with a .380 magazine. R.209, P46. There were no documents inside of the room or any testimony that Mr. Butler was inside of the room or inside of the safe. There was also no testimony that Mr. Butler

had knowledge of what was inside of the safe. The officers allege that Mr. Butler stated that he was involved in drug sales at the Youngstown Motel. R.209, P40.

In the light most favorable to the Government and taking all circumstantial evidence into account, the evidence is insufficient to prove Mr. Butler had actual or constructive possession of the items found in the safe. At best, the evidence proved mere proximity to the room where the items were discovered. This case lacks independent testimony and any other independent evidence such as fingerprints, DNA evidence, documents belonging to Mr. Butler, or a strong smell of narcotics coming from the room. Therefore, the evidence was insufficient to find Mr. Butler guilty of possession of the items found in the safe as it was insufficient to find Mr. Butler was in possession of the firearms.

## Conclusion

Appellant Butler respectfully requests this Court to grant a new trial due to the District Court's improperly revoking his right to counsel. Appellant also respectfully requests this Court to find that the evidence was insufficient to find him guilty.

Date: March 20, 2023

                                          Akbar Thomas
                                          *<u>Mutaqee Akbar, Esq.</u>*
                                          Mutaqee Akbar

                                          Attorney for Appellant,
                                          Andrew Butler, III

## Certificate of Service

I certify that the foregoing has been furnished to this Court electronically in Acrobat format by Internet, a copy has been furnished electronically to Assistant U.S. Attorney Eric Mountin, and a copy has been furnished by U.S. Mail to Andrew Butler, III, FCI Tallahassee, Federal Correctional Institution, P.O. Box 5000, Tallahassee, FL 32314 on this 20th day of March, 2023.

*s/Mutaqee Akbar*
MUTAQEE AKBAR, ESQ.
